NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0341n.06

Nos. 16-2331/2403

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NEWELL BRANDS, INC., fka Newell Rubbermaid, Inc., | ) | **FILED** |
| | ) | Jun 19, 2017 |
| Plaintiff-Appellee/Cross-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| SCOTT T. BOSGRAAF, dba Kirsch Lofts, LLC, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| KIRSCH LOFTS, LLC, | ) | |
| | ) | |
| Defendant-Appellant/Cross-Appellee. | ) | |

Before: COOK, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2009, Kirsch Lofts, LLC bought land in Sturgis, Michigan, planning to redevelop the land into condos and office space. Kirsch knew that the land, and the groundwater running through it, was contaminated by chemical pollutants. Under Michigan law, Newell Brands, Inc.—a prior owner of the land—is responsible for cleaning up those pollutants. *See* Mich. Comp. Laws § 324.20126. To do so, Newell needs access to Kirsch's property, which Kirsch has generally granted since 2009. For years, Kirsch postponed construction, waiting for Newell to clean up the property's soil. Newell did testing on the property during that time, but did not take any steps to clean up the pollution. Kirsch wanted Newell to speed up the remediation, because Kirsch would lose state tax credits worth millions

of dollars if it did not complete its project by 2018. Kirsch had other time-sensitive funding as well—the longer Newell took to clean up the soil, the more money Kirsch would lose.

In 2014 and 2015, Kirsch denied Newell access to a couple of groundwater-testing wells on the property. Newell sued Kirsch in federal court under M.C.L. § 324.20135a, which says that any person (like Newell) who must remediate contaminated land under § 324.20126 may petition a court for access to that land. Kirsch counterclaimed for damages under § 324.20135a(1)(a). Under that section, a court that grants a petition for access "may[,]" among other things, "[p]rovide compensation to the property owner or operator for damages related to the granting of access to the property, including compensation for loss of use of the property." Kirsch argued that it was entitled to $9.75 million—*i.e.*, the value of the tax credits Kirsch would lose because Newell had "fail[ed] to remediate the contamination . . . in a responsible and timely manner." Eventually, Newell and Kirsch stipulated to an order granting Newell access, which the district court entered.

Newell moved for summary judgment on Kirsch's counterclaim, making two alternative arguments. First, it argued that Kirsch was not entitled to any damages because Kirsch had known about the contamination when it bought the property. Second, Newell argued that Kirsch's damages, if any, should be limited to the market value of a license to access the property for the expected duration of Newell's remediation activities, which amounted to $72,964. The district court granted Newell's motion for summary judgment and awarded Kirsch $72,964. Kirsch appealed and Newell cross-appealed.

We review de novo the district court's interpretation of state law and its grant of summary judgment. *See Ventas, Inc. v. HCP, Inc.,* 647 F.3d 291, 322, 324 (6th Cir. 2011). And we have little to add to the district court's thorough and well-reasoned statutory analysis here.

The district court correctly interpreted § 324.20135a(1) to require that damages be "fairly traceable or connected to" the court's grant of access, as opposed to damages caused by "the ongoing presence of contamination itself" or the need for remediation generally. As the district court explained, this standard requires Kirsch's damages to be "tether[ed]" to the time the court granted Newell access, rather than to the time before that grant. We agree with the district court that, throughout this litigation, Kirsch has "[n]ot even once . . . articulate[d] a theory linking its claimed damages" to the court's grant of access, as opposed to the pre-existing contamination itself. Rather, Kirsch has consistently attempted to "stretch the statutory language to provide compensation for a responsible party's failure to remediate, rather than for the access incursion necessary to effect remediation." Thus, under § 324.20135a at least, Kirsch was not entitled to the damages it requested here.

Newell, in its cross appeal, argues that Kirsch was likewise not entitled to the $72,964 that the district court awarded Kirsch. Newell admits that those damages fell within the scope of § 324.20135a, but contends that Kirsch was barred from recovering them because it assumed the risk of construction delay when it chose to buy contaminated land. But § 324.20135a(1) does not limit its relief to property owners who lacked notice of contamination at the time they purchased their properties. And the statute would make little sense if it did. The Michigan legislature itself recognized that § 324.201 (which includes the access statute at issue here) was "intended to foster the redevelopment and reuse of vacant manufacturing facilities and abandoned industrial sites that have economic development potential[.]" Mich. Comp. Laws § 324.20102(l). The legislature thus recognized that many property owners seeking damages under § 324.20135a would be like Kirsch—trying to redevelop land that they bought knowing it was polluted. Hence the district court properly rejected Newell's argument.

-3-

The district court's judgment is affirmed.